# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL REED CALDWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. VEGA,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:10-CV-00825-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.　Procedural History**

Plaintiff Nathaniel Reed Caldwell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on April 29, 2010 in the Central District of California. The case was transferred to this Court on May 11, 2010. Doc. 2.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.    Summary of Complaint and Analysis**

Plaintiff was formerly incarcerated at North Kern State Prison ("NKSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendant Sergeant R. Vega.  Plaintiff alleges the following.  Defendant Vega handcuffed Plaintiff. Plaintiff asked why he was handcuffed.  Defendant Vega stated that he was scared that the black inmates would jump off their bunks and grab Defendant's testicles from behind.   Defendant further stated that black inmates do not "check" their own people, unlike the white and Hispanic inmates.  This incident had occurred after a melee between white and Hispanic inmates.  Plaintiff alleges sexual misconduct, defamation of character, and racial discrimination.  Plaintiff seeks monetary damages.

Plaintiff fails to state a cognizable § 1983 claim for sexual misconduct.  Defendant Vega's statements are at most verbal harassment. [V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.3d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).

Plaintiff fails to state a cognizable § 1983 claim for defamation of character.  Plaintiff cannot state a cognizable § 1983 claim for defamation because reputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause.  *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

Plaintiff's claim of racial discrimination will be construed as a claim for violation of the

Equal Protection Clause of the Fourteenth Amendment. Plaintiff fails to state a cognizable Equal Protection claim. The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); *see Iqbal*, 129 S. Ct. at 1949-50.

Here there are insufficient allegations to demonstrate intentional unlawful discrimination by Defendant Vega. Plaintiff only alleges that he was handcuffed, and that Defendant Vega made comments regarding race. Plaintiff alleges at most that he was verbally harassed, which is not a § 1983 claim.

The Court does not find that Plaintiff will be able to plead additional facts to cure the deficiencies in his complaint. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

**III.    Conclusion And Order**

Plaintiff fails to state any cognizable claims against Defendant Vega. The Court does not find that Plaintiff will be able to allege additional facts to cure the deficiencies identified herein. Further leave to amend is not granted because it does not appear that Plaintiff can state a cognizable claim on the facts stated in his complaint.

///

///

3

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

2. The Clerk of the Court is directed to close this action; and

3. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **February 4, 2011**                            **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE